Brief

12-2552 (JLL)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE:<br><br>WRS HOLDINGS, LLC, et al.,<br><br>Debtors. | Case No. 10-28457 (DHS)<br><br>Chapter 7<br>(Jointly Administered) |
| MFC CAPITAL FUNDING, INC. a Minnesota corporation,<br><br>Plaintiffs,<br><br>v.<br><br>VALOR EQUITY PARTNERS, L.P., VWR HOLDINGS, LLC, VALOR MANAGEMENT CORPORATION, WRS HOLDINGS, LLC, WRS, LLC, WOODS RESTORATION SERVICES OF MONTCLAIR, NJ, LLC, WOODS RESTORATION SERVICES, LLC, WOODS RESTORATION SERVICES OF S.C., LLC, ENVIRONMENTAL REMEDIATION CONCEPTS, LLC, WRS, INC., ROBERT WASIELEWSKI, ANTONIO GRACIAS, BRADLEY SHEFTEL, JONATHAN SHULKIN, CHESTER R. DUNICAN, NELSON SUN, ABC COMPANIES 1-10, JOHN DOE 1-10 AND JANE DOE 1-10 (fictitiously named individuals and entities),<br><br>Defendants. | Adv. Pro. No. 12-01137 (DHS)<br>Civ. Action No.:<br><br>Hearing Date: TO BE DETERMINED |

**BRIEF IN SUPPORT OF MOTION FOR WITHDRAWAL OF THE REFERENCE**

**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
*Attorneys for Defendants Valor Equity Partners, L.P., VWR Holdings, LLC, Valor Management Corporation, Antonio Gracias, Bradley Sheftel and Jonathan Shulkin*

#1774341 v2
110189-71024

**WINGET, SPADAFORA &**
**SCHWARTZBERG LLP**
2500 Plaza 5
Harborside Financial Center
Jersey City, NJ 07311
*Attorneys for Defendant*
*Chester R. Dunican*

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
200 Campus Drive
Florham Park, NJ 07932
*Attorneys for Defendant*
*Robert Wasielewski*

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. INTRODUCTION/FACTUAL BACKGROUND | 1 |
| A. Introduction | 1 |
| B. Factual Background | 4 |
| II. ARGUMENT | 6 |
| A. The District Court has authority to withdraw the reference | 6 |
| B. The Movants have a constitutional right to a jury trial in an Article III court | 7 |
| C. The Bankruptcy Court lacks authority to finally adjudicate an adversary proceeding asserting non-core state law causes of action that are not related-to the Debtors' bankruptcy case | 7 |
| D. For practical reasons, the District Court should withdraw the reference of the Adversary Proceeding without asking the Bankruptcy Court to hear the matter and then submit a report and recommendation | 10 |
| III. CONCLUSION | 12 |

#1774341 v2
110189-71024

# TABLE OF AUTHORITIES

Page(s)

## Cases

Beard v. Braunstein,
914 F.2d 434 (3d Cir. 1990) ... 7

BMW Fin. Servs. v. Ploetner (In re Towne, Inc.),
2010 Bankr. LEXIS 3768 (Bankr. D.N.J. Oct. 21, 2010) ... 9

Holland Am. Ins., Co. v. Succession of Roy,
777 F. 2d 992 (5th Cir. 1985) ... 7

In re Pacor,
743 F.2d 984 (3rd Cir. 1984) ... 9

In re Pruitt,
910 F. 2d 1160 (3d Cir. 1990) ... 6, 7

N. Pipeline Constr. Co. v. Marathon Pipe Line Co.,
458 U.S. 50 (1982) ... 8

Resorts Int'l Fin., Inc. v. Price Waterhouse & Co., LLP,
372 F.2d 154 (3rd Cir. 2004) ... 9

Stern v. Marshall,
131 S.Ct. 2594 (2011) ... passim

Uni Marts, LLC v. NRC Realty Advisors, LLC (In re Uni Marts, LLC),
Civ. A. No. 09-164-JJF, 2009 WL 1631821 (D. Del. June 11, 2009) ... 7

## Statutes

11 U.S.C. § 362(a)(1) ... 3

28 U.S.C. § 1334(b) ... 6

28 U.S.C. § 157(a) ... 6, 9

28 U.S.C. § 157(b)(1) ... 6

28 U.S.C. § 157(b)(2)(C) ... 8, 9

28 U.S.C. § 157(c) ... 10

28 U.S.C. § 157(c)(1)....6, 10

28 U.S.C. § 157(d)....2, 5, 6

28 U.S.C. § 157(e)....7

28 U.S.C. § 1746 ....4

**Rules**

Fed. R. Bankr. P. 5011(a)....5

Fed. R. Bankr. P. 7008 ....3

Fed. R. Bankr. P. 7009 ....3

Fed. R. Bankr. P. 7012 ....3

Fed. R. Civ. P. 12(b)(6)....3

Fed. R. Civ. P. 8 ....3

Fed. R. Civ. P. 9 ....3

Fed. R. Evid. 201 ....4

Local Bankruptcy Rule 5011-1....5

# I. INTRODUCTION/FACTUAL BACKGROUND

## A. Introduction

On February 9, 2012, MFC Capital Funding, Inc. ("MFC"), the secured lender of the debtors in the captioned chapter 7 bankruptcy cases (together, "Bankruptcy Case"), filed a "Complaint" commencing the captioned adversary proceeding ("Adversary Proceeding") in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") against defendants Valor Equity Partners, L.P. ("VEP"), VWR Holdings, LLC ("VWR Holdings"), Valor Management Corporation ("Valor Management"), Antonio Gracias ("Gracias"), Bradley Sheftel ("Sheftel"), Jonathan Shulkin ("Shulkin"), Chester R. Dunican ("Dunican") and Robert Wasielewski ("Wasielewski")(collectively, the "Movants"), together with the other defendants named in the Complaint. The Complaint alleges six causes of action, all of them arising under state law:

(1) Negligent Misrepresentation

(2) Breach of Fiduciary Duty

(3) Common Law Fraud

(4) Fraud in the Inducement

(5) Conversion

(6) Unjust Enrichment

Complaint, ¶¶ 75-104. A copy of the Complaint is attached to the Declaration of Dale E. Barney, Esq. ("Barney Dec."), filed herewith, as Exhibit A. Specifically, the Complaint seeks to recover from the defendants at least $5,870,130.04 allegedly due and owing under loan agreements between MFC and the debtors in the captioned bankruptcy case, plus other compensatory and punitive damages. MFC claims that the defendants

provided inaccurate and/or misleading financial information to MFC upon which MFC allegedly relied to its detriment. Specifically, MFC alleges that the defendants in the Adversary Proceeding overstated certain accounts receivable that formed part of the borrowing base and collateral for MFC's secured credit facility with the debtors, provided false borrowing base certificates to MFC, and otherwise misrepresented the debtors' financial condition in order to fraudulently induce MFC to advance funds under the credit facility and to forbear from exercising remedies thereunder.

The Movants now move the District Court for the withdrawal of the reference of the Adversary Proceeding to the Bankruptcy Court, pursuant to 28 U.S.C. § 157(d), because the Complaint asserts purely state law claims by a non-debtor against, principally, non-debtor entities, i.e. the Movants and the other non-debtor defendant, Nelson Sun ("Sun"). Accordingly, the Bankruptcy Court lacks subject matter jurisdiction over these non-debtor vs. non-debtor state law claims, and the District Court should withdraw the reference.[1]

MFC named as defendants in the Adversary Proceeding each of the debtors in the Bankruptcy Case, as follows: (i) debtor WRS Holdings, LLC f/k/a Woods Restoration Holdings, LLC, the sole member and 100% owner of (ii) debtor WRS, LLC f/k/a Woods Restoration Services, LLC, which in turn is the sole member/shareholder and 100% owner of (iii) debtors Woods Restoration Services, LLC, Environmental Remediation Concepts, LLC, WRS, Inc.; Woods Restoration Services of Montclair NJ, LLC; and Woods Restoration Services of SC, LLC (all such debtor entities referred to

1 By moving for withdrawal of the reference, the Movants do not concede that these claims are properly referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and the District of New Jersey's Standing Order of Reference, as MFC's claims against the Movants and Sun neither arise under title 11 of the United States Code nor arise in or relate to a case under title 11.

collectively herein as the "Debtors"). Left unclear from the face of the Complaint is MFC's motivation for naming the Debtors as defendants in the Adversary Proceeding, given the fact that MFC has filed a 244-page proof of secured claim in the Bankruptcy Case for the full amount claimed due.

Moreover, MFC has apparently neither sought nor obtained relief from the automatic stay provisions of 11 U.S.C. § 362(a)(1) to name the Debtors as defendants, notwithstanding the fact that that statute plainly stays this action against the Debtors: the filing of a bankruptcy petition "operates as a stay, applicable to all entities of – (1) the commencement or continuation, of a judicial . . . or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case. The Movants anticipate that MFC named the Debtors as defendants in order to manufacture non-existent subject matter jurisdiction in the Bankruptcy Court, notwithstanding the fact that MFC's only claims in this action that are not subject to the automatic stay are state law claims asserted against non-debtors: the Movants and Sun.

Contemporaneously with the filing of this Motion for Withdrawal of the Reference, the Movants are filing separate motions, pursuant to Fed. R. Civ. P. 8, 9, and 12(b)(6) and Fed. R. Bankr. P. 7008, 7009, and 7012, to dismiss the adversary proceeding (collectively, "Motion to Dismiss") on the grounds that, *inter alia*, (i) the Bankruptcy Court lacks subject matter jurisdiction over the non-debtor claims, (ii) MFC, as a creditor, lacks standing to assert director and officer breach of fiduciary duty claims under applicable Delaware law, (iii) the Complaint, in alleging fraud, fails to state with particularity the circumstances constituting fraud, (iv) the Complaint fails to meet the *Twombly/Iqbal*

standard for pleading plausible causes of action, and (v) the Complaint fails to state claims upon which relief can be granted.

**B. Factual Background**[2]

Prior to the filing of the Bankruptcy Case, the Debtors were engaged in the construction, remodeling, and restoration business, focused principally on accident and disaster recovery and restoration. *See* Declaration of Chet Dunican in Support of First Day Motions Pursuant to 28 U.S.C. § 1746 ("Dunican Dec.") dated June 17, 2010 and filed in the Bankruptcy Case as Docket # 9, ¶ 13, a copy of which is attached to the Barney Dec. as Exhibit B.[3] On June 16, 2010 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case. Complaint, ¶ 25. On July 20, 2010, the Bankruptcy Case was converted to a chapter 7 case, and Charles M. Forman was appointed chapter 7 trustee ("Trustee"). Complaint, ¶ 27. MFC claims that, as of the Petition Date, the Debtors were indebted to MFC in the amount of $5,870,130.04 pursuant to certain loan agreements (the "Loan Documents"), by and among MFC and certain of the Debtors, that were executed in November 2005. Complaint, ¶ 28. MFC asserts a first priority security interest and lien in and on substantially all of the Debtors' assets and has filed a proof of secured claim in the Bankruptcy Case. Complaint, ¶ 29. The first nine pages of MFC's proof of claim, filed in the Bankruptcy Case as Claim # 174-1, are attached to the Barney Dec. as Exhibit C.

2 The factual recitation set forth herein is drawn largely from the Complaint, a copy of which is attached to the Affidavit of Dale E. Barney, Esq. filed herewith as Exhibit A.

3 The Court may take judicial notice of the Dunican Dec. pursuant to Fed. R. Evid. 201, and the Movants hereby respectfully request that the Court take such notice.

Defendant VEP is a mid-market private equity fund that owns a 100% stake in Defendant VWR Holdings, which in turn owns a controlling 84% stake in Debtor WRS Holdings, LLC f/k/a Woods Restoration Holdings, LLC ("WRS Holdings"), the lead debtor and a Delaware limited liability company. Complaint, ¶¶ 5, 7. VWR Holdings invested in WRS Holdings and the other Debtors in a transaction that closed in 2005. Defendants Gracias, Sheftel, Shulkin, and Dunican (together with non-defendant Philip Woods) are Directors of WRS Holdings. Complaint, ¶¶ 17-20. The remaining Debtors are wholly-owned affiliates of WRS Holdings or Debtor WRS, LLC f/k/a Woods Restoration Services, LLC, a Delaware limited liability company that is wholly-owned by WRS Holdings. Complaint, ¶ 10.

Defendant Valor Management is an affiliate of VEP that performed management services for WRS Holdings and the other Debtors under a "Management Services Agreement" ("MSA") dated November 18, 2005 between Valor Management and WRS, LLC. Complaint, ¶ 27. Defendants Wasielewski and Sun are former employees of Valor Management who performed certain services for the Debtors pursuant to the MSA. None of the Movants have filed a proof of claim in the above-captioned bankruptcy case.

The Movants submit this Motion for Withdrawal of the Reference of this Adversary Proceeding to the Bankruptcy Court by the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011(a) and Local Bankruptcy Rule 5011-1, on the grounds that: (a) the Movants are entitled to a jury trial under the United States Constitution and have not consented to the Bankruptcy Court conducting a jury trial in the Adversary Proceeding; (b) the

Bankruptcy Court lacks constitutional authority to finally adjudicate this Adversary Proceeding in the wake of *Stern v. Marshall,* 131 S.Ct. 2594 (2011); and (c) considerations of judicial economy, economical use of debtor/creditor resources, promoting uniformity of bankruptcy administration, and expediting the bankruptcy process provide cause for withdrawal.

## II. <u>ARGUMENT</u>

### A. <u>The District Court has authority to withdraw the reference</u>

Congress has granted original jurisdiction to the district courts over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). At the same time, Congress has authorized the district courts to "refer" proceedings covered by 28 U.S.C. § 1334(b) to the bankruptcy courts, *see* 28 U.S.C. § 157(a). The District of New Jersey has made this referral to the bankruptcy courts by a standing order of reference dated July 23, 1984.

28 U.S.C. § 157 distinguishes between "core" bankruptcy proceedings and "non-core" proceedings: "Bankruptcy judges may hear and determine" proceedings referred to them that are identified by the statute as "core," subject to ordinary standards of appellate review. 28 U.S.C. § 157(b)(1). However, in a proceeding that is "not a core proceeding," only a district judge may enter final judgment. 28 U.S.C. § 157(c)(1).

The district courts have the authority to withdraw a reference to the bankruptcy court under 28 U.S.C. § 157(d), "on timely motion of any party, for cause shown." *In re Pruitt*, 910 F. 2d 1160, 1168 (3d Cir. 1990). While there is nothing in the statute defining good cause, the Third Circuit has adopted the following factors to determine whether good cause has been shown by the party seeking the withdrawal of the reference: "the goals of promoting uniformity in bankruptcy administration, reducing

forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Id.* (*quoting Holland Am. Ins., Co. v. Succession of Roy*, 777 F. 2d 992, 999 (5th Cir. 1985)). The courts may also consider the timing of a request for withdrawal, *id.*, and whether the proceeding is to be tried by jury. *Uni Marts, LLC v. NRC Realty Advisors, LLC (In re Uni Marts, LLC)*, Civ. A. No. 09-164-JJF, 2009 WL 1631821, at *2 (D. Del. June 11, 2009) (whether the defendant "has expressed its intention to seek a jury trial on the legal claims at issue" supports withdrawal, because "[t]he Bankruptcy Court cannot hold a jury trial without the parties' consent"); *accord Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990).

**B. The Movants have a constitutional right to a jury trial in an Article III court.**

Provided that any part of MFC's Complaint survives the Movants' Motion to Dismiss, the Movants will make a demand for a jury trial in the Adversary Proceeding and are clearly entitled to such. 28 U.S.C. § 157(e) precludes a Bankruptcy Court from conducting a trial without the express consent of all parties. Here, the Movants have not consented and do not intend to consent to a jury trial in the Bankruptcy Court. Moreover, as a matter of constitutional law, an adversary proceeding based solely on state law claims not arising from the bankruptcy itself and not otherwise resolved in the bankruptcy claims allowance process must be adjudicated in an Article III court when the defendant is entitled to a jury trial. *See Stern*, 131 S.Ct. at 2618.

**C. The Bankruptcy Court lacks authority to finally adjudicate an adversary proceeding asserting non-core state law causes of action that are not related-to the Debtors' bankruptcy case.**

MFC's causes of action asserted in the Adversary Proceeding arise from the contractual relationship between MFC and the Debtors under the Loan Documents, and

assert various fraud, negligence, and director and officer fiduciary duty claims against the Defendants. The fact that these claims are garden-variety state law causes of action that could be asserted by MFC against the Movants and the other non-debtor defendant in any state court of competent jurisdiction – or in the District Court should diversity jurisdiction exist – is beyond travail. Moreover, aside from MFC's curious assertion of these claims against the Debtors – without the benefit of automatic stay relief – such claims are asserted by a non-debtor, MFC, against non-debtors.

In *Stern*, the Supreme Court held that a bankruptcy court, not being an Article III court, could not finally adjudicate a debtor's state law counterclaim for tortious interference against a creditor who had filed a proof of claim in the bankruptcy case. *Stern*, 131 S.Ct. at 2608. Nearly thirty years before *Stern*, the Supreme Court ruled that "a bankruptcy court deciding a "state-law contract claim" "violate[d] Art. III of the Constitution." *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 58 (1982) (plurality opinion). As such, it is well-settled that the Bankruptcy Court does not have the authority to finally adjudicate the state law claims asserted by MFC against the Movants in the Adversary Proceeding.

In *Stern*, the Supreme Court examined Congress' grant of core jurisdiction over "counterclaims by the estate against persons filing claims against the estate" provided to bankruptcy courts by 28 U.S.C. U.S.C. § 157(b)(2)(C). The Supreme Court held that, where the counterclaim in question asserted a purely state law cause of action (i) that had nothing to do with the bankruptcy court's claims administration and adjudication authority and (ii) the resolution of which was not integral to the resolution of the creditor's proof of claim, Congress' grant of core jurisdiction over the counterclaim was

an unconstitutional grant of jurisdiction that belongs solely to an Article III court. *See Stern,* 131 S.Ct. at 2614, 2620.

Absent core jurisdiction, a bankruptcy court can exercise non-core, related to jurisdiction pursuant to 28 U.S.C. § 157(a). Whereas the state law counterclaim in *Stern* was a core claim under 28 U.S.C. § 157(b)(2)(C) – albeit an unconstitutionally core claim – the claims in the Adversary Proceeding are not only non-core, they are entirely unrelated to the underlying bankruptcy case, and thus fall outside even the Bankruptcy Court's non-core, related to jurisdiction.[4]

MFC is a non-debtor, its claims against the non-debtor Movants and Sun sound in state law, not bankruptcy law, and the outcome of the Adversary Proceeding will have no conceivable effect on the Debtors, the Bankruptcy Case, or the chapter 7 estates. *See In re Pacor*, 743 F.2d 984, 994 (3rd Cir. 1984) (pre-confirmation, test for "related to" jurisdiction depends upon whether the outcome of that proceeding could "conceivably" have any effect on the bankruptcy estate); *Resorts Int'l Fin., Inc. v. Price Waterhouse & Co., LLP*, 372 F.2d 154, 168 (3rd Cir. 2004) (post-confirmation, the standard for related-to jurisdiction is the narrower "close nexus" test - a bankruptcy court has subject matter jurisdiction over a post-confirmation dispute only if the claim "affect[s] an integral aspect of the bankruptcy process – there must be a close nexus to the bankruptcy plan or proceeding.").[5]

---

4 Without any justification other than that MFC apparently wishes it were so, MFC alleges that the claims asserted in the Complaint are within the Bankruptcy Court's core jurisdiction, which is a clear misstatement of the law. In the Motion to Dismiss, the Movants seek the Bankruptcy Court's dismissal of the Complaint as a threshold matter as a result of these jurisdictional infirmities.

5 The Movants submit that post-confirmation analysis is instructive in a chapter 7 case because both contexts involve a winding-up and liquidation of the estate. See *BMW Fin. Servs. v. Ploetner (In re Towne, Inc.)*, 2010 Bankr. LEXIS 3768, at *11 (Bankr. D.N.J. Oct. 21, 2010).

MFC has not and cannot articulate how the outcome of the Complaint's claims against the non-debtors have any conceivable effect upon the Debtors or the Bankruptcy Case, much less that there is any close nexus between these claims and the Bankruptcy Case. Even if MFC could establish related to jurisdiction, the Complaint consists solely of non-core claims against the non-debtor defendants, the Bankruptcy Case or the chapter 7 estate. Accordingly, absent the non-debtor defendants' consent to the Bankruptcy Court's final adjudication of this dispute (which is not forthcoming), the Bankruptcy Court is limited to the "report and recommendation" or "proposed findings of fact and conclusions of law" procedure outlined in 28 U.S.C. § 157(c) and may not finally adjudicate the matter.

**D. For practical reasons, the District Court should withdraw the reference of the Adversary Proceeding without asking the Bankruptcy Court to hear the matter and then submit a report and recommendation.**

Significant practical considerations weigh in favor of the District Court withdrawing the reference of the Adversary Proceeding now and not asking the Bankruptcy Court to hear and make recommendations in a case it cannot finally adjudicate. High on the list of those practical considerations are the interests in economical use of both judicial resources and debtor/creditor resources. Where a bankruptcy court hears and then makes recommendations to the district court on matters that the bankruptcy court lacks authority to decide, the district court must address *de novo* all contested aspects of the matter, both factual and legal. *See Stern*, 131 S.Ct. at 2604; 28 U.S.C. § 157(c)(1). The idea of *de novo* review contemplates that the district court is entitled to receive "additional evidence." Fed. R. Bankr. P. 9033(d). In a case such as this one, where the allegations are extremely fact-sensitive, the

"additional evidence" that might be required to enable effective *de novo* review could require additional days of trial. Important portions of this case will hinge on evidentiary rulings and on witnesses' recollections of events, thus unavoidably requiring assessment of witness credibility by the District Court. Thus, keeping the Adversary Proceeding in the Bankruptcy Court for any length of time will add substantially to the time ultimately required to resolve the matter. The ultimate resolution of the proceeding will certainly be expedited if the District Court hears and decides important issues in the first place.

Moreover, as this matter involves primarily non-debtor parties and purely state law claims unrelated to the Bankruptcy Case, there is no institutional or factual knowledge to be gained by permitting it to proceed before the bankruptcy judge. Whichever court hears this matter will be hearing it without the benefit of significant background knowledge. Consequently, the District Court ought to withdraw the reference of this adversary proceeding promptly and expedite an ultimate resolution for the parties.

## III. CONCLUSION

In light of the foregoing, the Movants respectfully request that the District Court withdraw the reference of this Adversary Proceeding.

**GIBBONS P.C.**
Attorneys for Defendants Valor Equity Partners, L.P., VWR Holdings, LLC, Valor Management Corporation, Antonio Gracias, Bradley Sheftel, Jonathan Shulkin and Nelson Sun

By: /s/ Dale E. Barney
Dale E. Barney

One Gateway Center
Newark, NJ 07102-5310
Tel.: 973-596-4500
Fax: 973-596-0545
E-mail: dbarney@gibbonslaw.com

**WINGET, SPADAFORA & SCHWARTZBERG LLP**

Attorneys for Defendant Chester R. Dunican

By: /s/ Scott Tenenbaum
Scott Tenenbaum

2500 Plaza 5
Harborside Financial Center
Jersey City, NJ 07311
Tel.: 201-633-3630
Fax: 201-633-3631
E-mail: Tenenbaum.S@wssllp.com

## III. CONCLUSION

In light of the foregoing, the Movants respectfully request that the District Court withdraw the reference of this Adversary Proceeding.

**GIBBONS P.C.**
Attorneys for Defendants Valor Equity Partners, L.P., VWR Holdings, LLC, Valor Management Corporation, Antonio Gracias, Bradley Sheftel, Jonathan Shulkin and Nelson Sun

By: /s/ Dale E. Barney
Dale E. Barney

One Gateway Center
Newark, NJ 07102-5310
Tel.: 973-596-4500
Fax: 973-596-0545
E-mail: dbarney@gibbonslaw.com

**WINGET, SPADAFORA & SCHWARTZBERG LLP**

Attorneys for Defendant Chester R. Dunican

By: ______________________
Scott Tenenbaum

2500 Plaza 5
Harborside Financial Center
Jersey City, NJ 07311
Tel.: 201-633-3630
Fax: 201-633-3631
E-mail: Tenenbaum.S@wssllp.com

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
*Attorneys for Defendant*
*Robert Wasielewski*

By: /s/ John P. O'Toole
John P. O'Toole

200 Campus Drive
Florham Park, NJ 07932
Tel.: 973-624-0800
Fax: 973-624 0808
E-mail: john.otoole@wilsonelser.com

**Dated:** April 27, 2012
Newark, New Jersey